BOIMARE vs. TOBY.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A contract entered into by one party with a person acting as the agent of the other, subjects the agent to no liability, unless he has specially bound himself, or exceeded his authority without showing it.

In this action damages were claimed of defendant, acting as the attorney in fact for the lessor, for breach of a lease of a house and lot in Camp-street, in the city of New-Orleans, in refusing to give the plaintiff and lessee possession of the premises at the time fixed in the lease. The defendant pleaded that he acted as the agent of Thomas Mellon, the lessor, to the knowledge of the plaintiff; and afterwards answered, averring the nullity of the lease, on the ground of error, and certain statements of plaintiff, by which defendant had been induced to enter into the contract. The jury found for the plaintiff. The defendant appealed.

*Carleton* and *Lockett*, for appellant.

1. The court below erred in overruling the exception pleaded by defendant, to wit: That he acted as agent, which agency was known to plaintiff; expressed in the act of lease sued on, and stated in plaintiff's petition, that plaintiff was agent.

2. Defendant relies on his bills of exceptions.

EASTERN DIS.
*March*, 1833.

BOIMARE
*vs.*
TOBY.

3. There is no evidence of any damages having been sustained by plaintiff.

*Pichot,* for appellee.

MARTIN, J. delivered the opinion of the court.

The petition states that the defendant, as attorney of Mellon, leased a house to the plaintiff and engaged to put him in possession, and afterwards refused to do so, whereby the plaintiff sustained damages, which he claims from the defendant, who, among other pleas, urged that he acted merely as the agent of Mellon, to the knowledge of the plaintiff, and therefore incurred no personal responsibility.

The plaintiff had judgment, and the defendant appealed.

It appears that at the trial, the defendant's counsel requested the parish judge to charge the jury, that the defendant was not liable to the plaintiff, in the manner charged in the petition, because he acted as agent; and the verdict, according to law, ought to be for the defendant. But the court refused, and a bill of exceptions was taken.

A contract entered into by one party with a person acting as the agent of the other, subjects the agent to no liability, unless he has specially bound himself, or exceeded his authority without showing it.

The case is too plain a one for argument; the parish judge erred, and the action cannot be sustained. Our *Civil Code* contains a textual provision to this effect. " The man alone is responsible to those with whom he contracts, only where he has bound himself personally, or where he has exceeded his authority, without having exhibited his powers," 2982.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that there be judgment for the defendant, with costs in both courts.